UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 92-cr-10229-MLW |
| | ) |
| FRANK M. GOLDMAN, | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                      August 12, 2015

    In 1993, defendant Frank Goldman was convicted in this federal
court of conspiracy to possess cocaine with intent to distribute
and possession of cocaine with intent to distribute.    The
Sentencing Guideline range for his offense and criminal history
was 121 to 151 months.    However, because he had two prior
convictions for a crime of violence or a controlled substance
offense, he was subject to an increased Sentencing Guideline range
as a career offender.  Judge A. David Mazzone sentenced him to 360
months in prison, followed by 96 months of supervised release.
See Goldman v. Winn, 565 F. Supp. 2d 200, 201-02 (D. Mass. 2008).

    Subsequently, Goldman successfully vacated one of his state
court convictions, for kidnapping, that led to the career criminal
enhancement.   He then filed a motion for a writ of habeas corpus
pursuant to 28 U.S.C. §§2241 and 2255 in this court.   He argued
that he should not have been sentenced as a career offender and
was entitled to a resentencing without the enhancement.   Id. at
202-03.

After holding evidentiary hearings, the court found that Goldman had proven by clear and convincing evidence that he was actually innocent of the prior state court conviction for kidnapping. Id. at 244. Without that conviction, he would not have been classified as a career offender, and would have received a substantially shorter sentence. Accordingly, on July 1, 2008, the court granted Goldman a writ of habeas corpus pursuant to Section 2241. Id. at 244-45. The court resentenced him to time-served with the original term of 96 months of supervised release. See Judgment (Docket No. 153). Goldman was released from prison.

In 2009, Goldman was indicted for his alleged participation in a racketeering conspiracy. That case was assigned to Judge Douglas Woodlock. The alleged criminal conduct would also have constituted a violation of the terms of Goldman's supervised release, which required that he not commit any state or federal crimes. Goldman pled guilty to the charges before Judge Woodlock, who sentenced him to serve 70 months in prison for his role in the conspiracy. On January 22, 2013, in the instant case Goldman admitted to violating the conditions of his supervised release. This court sentenced to the statutory maximum of 60 months in prison, to be served consecutive to the sentence imposed by Judge Woodlock. See Judgment of Revocation (Docket No. 177).

Goldman has filed several motions seeking to challenge the sentence imposed by this court on the revocation of his supervised

2

release.   In his Motion to Vacate Void Judgment (Docket No. 196),
Goldman  asks  the  court  to  vacate  the  sentence  imposed  upon
revocation of his supervised release.  He argues that his sentence
should  be  vacated  because  "he  was  resentenced  to  a  term  of
supervised release after his sentence was vacated due to his actual
innocence  of  the  crime  of  his  conviction."   Id.  at 10.   Goldman
also requests appointment of counsel to represent him in connection
with this motion.

     This motion is, however, unmeritorious.   In granting Goldman
a writ of habeas corpus in 2008, the court did not find that he
was innocent of the federal crimes of conviction, which were the
1993 drug distribution charges.   Instead, the court found that he
was innocent of a state court conviction for kidnapping from 1977,
and  therefore  should  not  have  received  a  career  offender
enhancement.   See Goldman, 565 F. Supp. 2d at 204-05.   The federal
conviction was not vacated.   Therefore, there was a proper basis
for imposing a term of supervised release when Goldman was re-
sentenced.[1]   See 18 U.S.C. §3583(a).   Accordingly, the motion to

---

[1] To the extent, if any, that Goldman is arguing that he should
not  have  been  subject  to  supervised  release  because  he  served
excessive prison time, that argument is foreclosed by Supreme Court
precedent.   See United States v. Johnson, 529 U.S. 53, 60 (2000)
("The [supervised release] statute . . . does not reduce the length
of a supervised release term by reason of excess time served in
prison.").

vacate and the related request for appointment of counsel are being denied.

In his Motion for Leave to File Out-of-Time Appeal ("Motion for Leave to File") (Docket No. 183), filed on June 12, 2013, Goldman alleged that he had "specifically directed" his lawyer, Edward Ryan, to file a notice of appeal after this court revoked his supervised release and sentenced him, but that no such appeal was filed. He asks the court to allow him to file a late notice of appeal.

The court is denying this motion because it is untimely. Goldman had fourteen days to file a notice of appeal from the date that judgment entered. See Fed. R. App. P. 4(b)(1)(A). The district court may extend the fourteen day time limit "[u]pon a finding of excusable neglect or good cause . . . before or after the time has expired . . . for a period not to exceed 30 days from the expiration of time otherwise prescribed by this Rule 4(b)." See Fed. R. App. P. 4(b)(4) (emphasis added). The court entered judgment on Goldman's sentence after revoking his supervised release on February 5, 2013. See Judgment of Revocation (Docket No. 177); Fed. R. App. P. 4(b)(6) ("A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket."). The time to file a notice of appeal expired fourteen days later, on February 19, 2013. Goldman's Motion for Leave to File was submitted 113 days after that time period expired, on

4

June 12, 2013.  This is far beyond the 30-day maximum extension that the court has the authority to allow under the rules. Therefore, the Motion for Leave to File is untimely and is being denied.[2]

On January 27, 2014, Goldman filed a Motion for Information Regarding Direct Review and Equitable Tolling ("Motion for Equitable Tolling") (Docket No. 186).  He requests that the court equitably toll the one-year period of limitations imposed by 28 U.S.C. §2255 and permit Goldman to file a petition for writ of habeas corpus to challenge his sentence.

The court is denying the Motion for Equitable Tolling without prejudice because Goldman has not yet filed a motion pursuant to 28 U.S.C. §2255.  Goldman may file a motion to vacate or correct his sentence pursuant to 28 U.S.C. §2255.  In that motion, he may raise any arguments for equitable tolling of, or an exception to, Section 2255's one-year period of limitations.  See Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000) (discussing the Section 2255 period of limitations in a similar case).  He may also reassert the ineffective assistance of counsel claim raised in his

---

[2] In any event, the ineffective assistance claim that Goldman seeks to raise is properly raised in a motion pursuant to 28 U.S.C. §2255, not on direct appeal.  See Judgment in United States v. Robinson, No. 10-1981 (1st Cir. Nov. 23, 2015) (A claim that defendant should be allowed to file a late appeal because he "told his trial counsel to file a notice of appeal but that counsel failed or refused to do so . . . is appropriately addressed in a habeas petition, rather than in a direct appeal.").

Motion for Leave to File. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (counsel's failure to file an appeal at the express direction of a defendant constitutes ineffective assistance). In filing a motion under Section 2255, he should follow the Rules Governing Section 2255 Cases and include an affidavit to support any allegations he makes about communications with his attorney. See Rule Governing Section 2255 Cases 7(b). In addition, he should understand that by putting communications with his attorney in issue, he will be waiving attorney-client privilege with respect to those communications. See Open Software Foundation, Inc. v. U.S. Fidelity & Guar. Co., 191 F.R.D. 325, 327 (D. Mass. 2000) ("The [attorney-client] privilege can be waived . . . when a party seeking the privilege has affirmatively placed the subject matter of the privilege in issue for its own benefit.").

Finally, Goldman has filed a motion for a reduced sentence due to Sentencing Guideline amendments that will go into effect on November 1, 2015. The court has previously ordered the parties to confer and report on how the Guideline amendment will affect Goldman's sentence. The court is allowing Goldman's Assented-to Motion for Extension of Time to August 31, 2015, to file their joint status report.

In view of the foregoing, it is hereby ORDERED that:

1. The Motion to Vacate Void Judgment (Docket No. 196) is DENIED.

6

2.    The Ex Parte Motion for Appointment of Counsel (Docket No. 202) is DENIED.

3.    The Motion for Leave to File Out-of-Time Appeal (Docket No. 183) is DENIED.

4.    The Motion for Information Regarding Direct Review and Equitable Tolling (Docket No. 186) is DENIED WITHOUT PREJUDICE.

5.    The defendant's Assented-to Motion for Extension of Time to August 31, 2015 to File Joint Status Report (Docket No. 203) is ALLOWED.   The parties shall file a joint status report by August 31, 2015.

                              /s/ Mark L. Wolf
                              UNITED STATES DISTRICT JUDGE