UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANKLIN M. GOLDMAN,                )
    Petitioner.                 )
                      )
          v.                       )   Cr. No. 92-10229-MLW
                      )
UNITED STATES OF AMERICA,          )
    Respondent.                 )

MEMORANDUM AND ORDER

WOLF, D.J.                                        March 12, 2019

## I. INTRODUCTION

On December 22, 1992, Franklin Goldman was convicted of conspiracy to possess cocaine with intent to distribute and possession of cocaine with intent to distribute. Judge A. David Mazzone determined that Goldman was a Career Offender under §4B1.1 of the United States Sentencing Guidelines, and sentenced him to 30 years in prison and eight years of Supervised Release. In 2001, the Massachusetts Superior Court vacated Goldman's 1977 state conviction for kidnapping, meaning that Goldman was no longer a Career Offender. In 2008, this court reduced Goldman's prison sentence under 28 U.S.C. §2241 to time served, and Goldman began serving his eight-year term of Supervised Release. See Goldman v. Winn, 565 F. Supp. 2d 200 (D. Mass. 2008); Goldman v. Winn, 587 F. Supp. 2d 311 (D. Mass. 2008).

In 2009, Goldman was convicted of racketeering. See United States v. DeLeo, et al., Cr. No. 09-10391. Judge Douglas Woodlock

sentenced him to 70 months in custody and three years of Supervised Release. This court subsequently revoked Goldman's Supervised Release and sentenced him to 60 months in custody, consecutive to his 70-month sentence for racketeering. See Docket No. 177. In total, therefore, Goldman was sentenced to 130 months in custody.

On April 5, 2018, this court decided several motions filed by Goldman challenging the sentence imposed in this case for violations of Supervised Release. Specifically, the court denied defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.C. Amendment 782 (Docket No. 187); his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (Docket No. 206) (the "§2255 Petition); and his Motion to Amend (Docket No. 225).

On May 7, 2018, Goldman filed the instant Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) with respect to the April 5, 2018 Memorandum and Order. See Docket No. 233 (the "Rule 59(e) Motion"). As explained below, Goldman's Rule 59(e) Motion is, in effect, a motion to reconsider the April 5, 2018 decision. It alleges various errors by this court in these §2255 proceedings.

On August 16, 2018, Goldman filed a Motion for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 57, asserting that it had been 90 days since he had filed the Rule 59(e) Motion, but that the court and the United States Attorney's Office had

failed to respond. See Docket No. 234 (the "Motion for Declaratory Judgment"). Because the §2255 petition to which Goldman refers in the Motion for Declaratory Judgment has already been decided, the court understands the requested declaration to pertain to the Rule 59(e) Motion. It appears that Goldman may have filed the Motion for Declaratory Judgment because under Rule 57, the court "may order a speedy hearing of a declaratory judgment action."

On December 12, 2018, Goldman filed a petition for writ of mandamus in the First Circuit, requesting that the First Circuit direct this court to adjudicate the merits of his §2255 petition (Docket No. 206). See Docket Nos. 237; 237-1 at 5. On January 16, 2019, the First Circuit denied the petition for writ of mandamus without prejudice to reassertion if there has been no action on the pending motions within 90 days of its ruling. See Docket No. 238.

Although the government has not responded to the Rule 59(e) Motion or the request for declaratory judgment, the court is able to decide them. For the reasons described below, each of the motions is without merit and is being denied.

II.  BACKGROUND

Pertinent parts of the long procedural history of this case were summarized by this court in its April 5, 2018 decision. See Docket No. 231 at 4-10. That summary of the procedural history is reiterated and amplified below.

As explained earlier, on December 22, 1992, Goldman was convicted of possession of cocaine with intent to distribute and conspiracy to commit that crime. Ordinarily, the Guideline range for Goldman's offense would have been 121 to 151 months in custody. However, a defendant with at least two felony convictions for either a crime of violence or a controlled substance offense is classified as a Career Offender subject to an increased Guideline range. See U.S.S.G. §4B1.1. In 1993, Goldman had two such prior convictions, including a 1977 conviction for kidnapping in Massachusetts Superior Court. Therefore, the Guideline range for his sentence was 360 months (30 years) to life in prison, rather than 121 to 151 months. Judge Mazzone sentenced Goldman to 30 years in custody. Goldman filed an appeal and, in 1996, a motion to vacate and revise his sentence under §2255. Both were unsuccessful.

In 2000, Goldman moved in the Massachusetts Superior Court for a new trial on the 1977 kidnapping conviction, which was, in 1993, responsible for enhancing Goldman's Guideline range and his federal sentence. In 2001, Massachusetts Superior Court Justice Daniel F. Toomey found that Goldman had been improperly denied his right to appeal the 1977 conviction for kidnapping because no transcript of his trial had been prepared as required for appellate review. Accordingly, he granted Goldman's petition, vacated the 1977 conviction, and ordered a new trial. In 2002, the state declined to retry Goldman.

4

A petitioner who has had his sentence enhanced based on a prior conviction that is later vacated for errors of law or constitutional invalidity is entitled to a reduction in sentence. See Johnson v. United States, 544 U.S. 295, 303 (2005); Matteo v. United States, 398 F. 3d 126, 134-35 (1st Cir. 2005). On February 12, 2002, Goldman moved to reopen his 1993 federal sentencing and reduce his sentence because it was influenced by the vacated 1977 conviction. Judge Mazzone construed that motion as a second and successive §2255 petition which could not be considered without leave of the First Circuit. See Goldman v. United States, C.A. No. 95-10989 (D. Mass. April 5, 2002). The First Circuit subsequently agreed, see Goldman v. United States, C.A. No. 02-1593 (1st Cir. Oct. 21, 2002), and denied Goldman leave to file the motion to vacate, see Goldman v. United States, C.A. No. 02-2322 (1st Cir. Nov. 7, 2002). On December 27, 2004, Goldman filed another petition, this time pursuant to 28 U.S.C. §2241, seeking the same relief. In 2007, Goldman obtained crucial new evidence indicating his innocence of the 1977 kidnapping charge.

In response to Goldman's §2241 petition, the government had argued, among other things, that Goldman procedurally defaulted his claim because he had not raised it at his 1993 sentencing, on appeal, or in his prior §2255 petition. It also argued that the petition was time-barred. The court found that Goldman's claim was not time-barred because he had been reasonably diligent in pursuing

it, but that it was procedurally defaulted because he failed to challenge the validity of his state conviction at his 1993 sentencing hearing. Goldman v. Winn, 565 F. Supp. 2d 200, 217-18, 221-22 (D. Mass. 2008). In deciding those issues, the court discussed in detail the standards for timely filing and equitable tolling. Id. at 218-22. The court then excused Goldman's procedural default because it found Goldman demonstrated that he was "actually innocent" of the 1977 kidnapping, "the act on which his harsher sentence was based." Id. at 244 (citing Spence v. Superintendent, Great Meadow Corr. Facility, 219 F. 3d 162, 172 (2d Cir. 2000)). With regard to the merits, the court found that the vacateur of the 1977 conviction entitled Goldman to be resentenced for his 1993 federal conviction. Id. at 244 (citing Mateo, 398 F. 3d at 133, 134 & nn. 6-7). On August 7, 2008, the court resentenced Goldman to time served, which was approximately 15 years, and 96 months Supervised Release. See Goldman, 587 F. Supp. 2d at 311.

Soon after his release, Goldman joined the "DeLeo Crew," a criminal organization then led by Ralph DeLeo, acting "street boss" of the Colombo Family of La Cosa Nostra. See Statement of Facts (Docket No. 174-1).[1] The "DeLeo Crew" was responsible for crimes

---

[1] On May 20, 2012, the parties stipulated to a Statement of Facts, which was submitted to the court in connection with Goldman's revocation hearing. Goldman signed a statement attesting to its accuracy. Docket No. 174-1 at 2. A redacted copy was filed for the public record. See id.

including drug trafficking, the extortionate extending of credit, and collecting unlawful debts in Massachusetts and several other states in 2008 and 2009. Id. at 1. In 2009, Goldman conspired with DeLeo to commit several acts of extortion, including by administering a beating. Id. at ¶¶3-4. He also conspired to import at least 250 pounds of marijuana from Canada. Id. at ¶5.

On December 17, 2009, a federal grand jury charged Goldman with conspiracy under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §1962(d). See Cr. No. 09-10391, Docket No. 9. Conditions of Goldman's Supervised Release required that he not commit any crime or associate with felons. On April 25, 2012, Goldman pled guilty both to the criminal charges and to violating his Supervised Release. See Plea Agreement (Docket No. 168). On November 21, 2012, Judge Douglas Woodlock sentenced Goldman to 70 months in custody, to be followed by three years of Supervised Release. See Cr. No. 09-10391, Docket No. 179.

On January 22, 2013, this court held a hearing to decide Goldman's sentence for violations of the conditions of his Supervised Release. See Jan. 22, 2013 Transcript ("Tr.") (Docket No. 181). Goldman's advisory Guideline range was 30 to 37 months in custody. The parties jointly requested a 30-month term of incarceration, consecutive to the 70 months imposed by Judge Woodlock, and 66 months of Supervised Release. However, the court imposed the statutory maximum sentence of 60 months in custody,

consecutive to the sentence imposed by Judge Woodlock, and 36 months of Supervised Release, to run concurrently with the three years he imposed. The court imposed the 60-month sentence primarily because by returning to violent crime despite having had the rare opportunity to be released from prison long before the expiration of his 1993 sentence, Goldman had demonstrated that he was "incorrigibly dangerous," and that a 60-month consecutive sentence was necessary to protect the public. Id. at 29-31. Judgment entered on February 5, 2013.

At the January 22, 2013 hearing, the court advised Goldman of his right to appeal his sentence within ten days of the entry of judgment. Id. at 33. He did not do so. Goldman has, however, filed numerous motions for post-conviction relief.

On June 12, 2013, Goldman, acting pro se, filed a Motion for Leave to File an Out-of-Time Appeal under Rule 4 of the Federal Rules of Appellate Procedure. See Docket No. 183 (the "Motion for Out-of-Time Appeal"). In it, Goldman alleged that his trial counsel, Edward Ryan, Esq., failed to file a timely notice of appeal despite having been "specifically directed" by Goldman to do so. Id. In September 2013, Goldman sent a letter to Mr. Ryan communicating his understanding that Mr. Ryan still represented him. See Docket No. 207-1, Ex. A. Mr. Ryan responded that his representation had ended after Goldman's sentencing. Docket No. 207-2, Ex. B. On January 27, 2014, Goldman filed a Motion for

Information Regarding Direct Review and Equitable Tolling (the "Motion for Equitable Tolling")(Docket No. 186), and a Motion to Vacate Void Judgement, arguing that he could not have been resentenced in 2008 because his 1993 conviction had been vacated (the "Motion to Vacate") (Docket No. 196).

On August 12, 2015, the court denied Goldman's motions. See Docket No. 204. In particular, it found the Motion to Vacate was unmeritorious because the 2008 decision vacated Goldman's sentence, not his conviction, meaning that there was a proper basis for imposing a term of Supervised Release when he was resentenced. Id. at 3. The Motion for Leave to File an Out-of-Time Appeal was denied as untimely because it was filed 113 days after the expiration of the 10-day period for filing an appeal,[2] far beyond the 30-day extension the court had authority to allow. Id. at 4-5 (citing Fed. R. App. P. 4(b)(4)). The court denied the Motion for Information Regarding First Review Equitable Tolling because Goldman had not yet filed a petition under §2255, noting that in such a petition, "he may . . . reassert the ineffective assistance of counsel claim raised in his Motion for Leave to File [Out-of-

---

[2] The August 12, 2015 Memorandum and Order incorrectly stated that Goldman had 14 days to file an appeal from the date judgment entered. In 2008, the time limit was 10 days, as the court stated at Goldman's sentencing. See Jan. 22, 2013 Tr. at 33. It was extended to 14 in the 2009 amendments to the Federal Rules of Appellate Procedure.

Time Appeal]" and "raise any arguments for equitable tolling of, or an exception to, Section 2255's one-year period of limitations." Id. at 5.

On April 5, 2018, this court decided three motions challenging Goldman's sentence for his violations of Supervised Release. See Docket No. 231 at 22. One of these motions was filed before the court rendered its August 12, 2015 decision and two were filed following that decision. First, on December 2, 2014, Goldman had moved to reduce his sentence under 18 U.S.C. §3582(c)(2) and Amendment 782 to the Sentencing Guidelines, which retroactively reduced most drug quantity base offense levels by two levels. See Docket No. 187 (the "Motion to Reduce"). In the April 5, 2018 decision, the court denied the Motion to Reduce because Amendment 782 "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." See Docket No. 231 at 3 (quoting U.S.S.G. §1B1.10, A.N. 7(A)).

Also on April 5, 2018, the court decided Goldman's September 25, 2015 motion under 28 U.S.C. §2255 to vacate his sentence for violating his conditions of Supervised Release. In that motion, Goldman argued that his counsel ignored his instructions to file a notice of appeal and was, therefore, ineffective. See Docket No. 206. The court denied this motion because the record of Goldman's case "conclusively show[ed] that [he was] entitled to no relief." Docket No. 231 at 3 (quoting 28 U.S.C. §2255(b)). In addition, the

§2255 petition was filed after the expiration of the one-year statute of limitations established by 28 U.S.C. §2255(f) and, therefore, was untimely. Id. at 3-4.

In addition, on April 5, 2018, the court decided Goldman's December 7, 2016 motion to amend the §2255 petition to add claims alleging errors in his 2008 resentencing hearing. See Docket No. 225. In particular, Goldman sought to add claims that the court: (a) gave him a sentence higher than the Guideline range without first giving notice that it was considering an upward departure, see Burns v. United States, 501 U.S. 129 (1991); (b) did not consider factors under 18 U.S.C. §3553(a)(2) in imposing the sentence; and (c) did not give adequate reasons for imposing an eight-year term of Supervised Release. The court denied this motion because it did not provide any reason to excuse the untimely filing of the petition. See Docket No. 231 at 3-4.

On May 7, 2018 and August 16, 2018, respectively, Goldman filed the pending Rule 59(e) Motion and Motion for Declaratory Judgment. As indicated earlier, each is unmeritorious.

III. RULE 59(e) MOTION

A. Legal Standard

A motion under Rule 59(e) must be made within 10 days of the entry of judgment.[3] A Rule 59(e) motion is analyzed under the

---

[3] In this case, the court entered judgment on petitioner's §2255 petition on April 5, 2018. The Rule 59(e) Motion was filed

standards applicable to a motion for reconsideration. See United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165 n.9 (1st Cir. 2004); Messere v. Clark, 2013 WL 3289104, at *1 (D. Mass. June 27, 2013) (Wolf, J.); Charles A. Wright, Arthur R. Miller, Mary Kay Kane, 11 Fed. Prac. & Proc. Civ. §2810.1 (3d ed.) ("Rule 59(e) . . . include[s] motions for reconsideration."). While deciding a motion to reconsider, the court must "balance the need for finality against the duty to render just decisions." Galanis v. Szulik, 863 F. Supp 2d 123, 124 (D. Mass. 2012) (quoting Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000)). In the First Circuit, reconsideration is warranted only when: (1) the moving party presents newly discovered evidence that is material to the court's decision; (2) there has been an intervening change in the law; or (3) the earlier decision was based on a manifest error of law or was clearly unjust. See United States v. Allen, 573 F.3d

---

on May 7, 2018. Therefore, the Motion was filed more than 10 days following judgment. However, the defendant asserts he did not receive the judgment until April 30, 2018, which is less than 10 days before May 7, 2018. See Docket No. 233 at ¶2. On April 24, 2018, the Clerk received a call from Goldman claiming he had not received a copy of the Memorandum and Order. See April 24, 2018 Elec. Notes. A copy was sent to him on that day. See id.; see also Docket No. 233-2. There is no evidence in the record concerning the day Goldman received the judgment. Nevertheless, because the alleged date of receipt was within 10 days of the date on which the Rule 59(e) Motion was filed, the court considers it fair and appropriate to address the merits of the Rule 59(e) Motion.

42, 53 (1st Cir. 2009). Courts should not permit motions for reconsideration to be used as vehicles for pressing arguments that could have been asserted earlier or for rearguing theories that have been previously advanced and rejected. See Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006). Rather, the granting of motions for reconsideration is "an extraordinary remedy which should be used sparingly." Id.

The First Circuit has also instructed that "a motion for reconsideration should be granted if the court 'has patently misunderstood a party . . . or has made an error not of reasoning but apprehension.'" Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 82 (1st Cir. 2008) at 82 (quoting Sandoval Diaz v. Sandoval Orozco, No. 01-1022, 2005 WL 1501672, at *2 (D.P.R. June 24, 2005)). However, "simple disagreement with the court's decision is not a basis for reconsideration." Ofori v. Ruby Tuesday, Inc., 205 Fed. Appx. 851, 853 (1st Cir. 2006). In addition, "[t]he repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion." U.S. Currency, 356 F.3d at 165 & n. 9.

B. Discussion

Goldman's Rule 59(e) Motion is unmeritorious. The motion consists of 35 paragraphs combining procedural history, a reiteration of arguments made at earlier stages of these proceedings, and some new arguments. The bases for reconsideration

13

are not articulated explicitly. However, a pro se petition must be "liberally construed . . . [and] held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Therefore, the court has liberally construed Goldman's motion in its effort to identify all of the possible bases for reconsideration.

The court understands the Rule 59(e) Motion to present three grounds for reconsideration of the April 5, 2018 decision. First, Goldman argues that this court improperly dismissed his §2255 petition because it was filed after the statute of limitations had expired. See Rule 59(e) Motion at ¶¶6-26. Goldman makes a variety of assertions with regard to this claim, many of which were addressed in the April 5, 2018 decision. Id. Second, Goldman seems to claim that this court erred by failing to inform him of rights to appeal in its August 12, 2015 decision. See Rule 59(e) Motion at ¶26. Third, Goldman contends that this court committed an "error that was a fundamental defect" resulting in a "complete miscarriage of justice" by not sua sponte re-characterizing his Motion for Out-of-Time Appeal and/or Motion for Equitable Tolling as a §2255 petition. Id. ¶¶27-35.[4] For the reasons explained below, the Rule 59(e) Motion is being denied with respect to all three grounds.

_____

[4] In the last paragraph of the Rule 59(e) Motion, beginning "Wherefore," Goldman urges the court to "reconsider the facts used

14

1. <u>The Statue of Limitations for Goldman's §2255 Petition</u>

The Rule 59(e) Motion does not assert claims for reconsideration based on newly discovered evidence or intervening changes in the law. Accordingly, the motion may only be granted if the court finds that its April 5, 2018 decision was based on "a manifest error of law or was clearly unjust." <u>See</u> <u>Allen</u>, 573 F.3d at 53. The April 5, 2018 decision concerning Goldman's failure to timely file his §2255 petition did not contain errors of law. Nor was it unjust.

More specifically, Goldman asserts that the court erred in using June 12, 2013, the date on which the Motion for Out-of-Time Appeal was filed, as the starting date for its tolling calculation, rather than August 12, 2015, the date on which the court denied that motion.[5] <u>See</u> Rule 59(e) Motion at ¶18. As this court explained in the April 5, 2018 decision, although a motion to vacate pursuant to §2255 ordinarily must be filed within one year, there is an

---

to determine that the Motion Under 28 U.S.C. §2255 was not timely filed and that the Court could have earlier, <u>sua</u> <u>sponte</u>, re-characterized the timely filed Motions." <u>See</u> Rule 59(e) Motion at 8. This statement provides the clearest indication of what Goldman considers the grounds for reconsideration. In addition to the two grounds referenced in this statement, the court liberally construes the petition to include a separate ground that it erred in not informing Goldman of any right he had to appeal.

[5] The court interprets the reference to "that Motion" in ¶18 of the Rule 59(e) Motion as referring to the Motion for Equitable Tolling, which was one of the motions resolved by the August 12, 2015 decision and which is also capitalized in the preceding paragraph, ¶17.

exception when the petitioner could not have immediately discovered the factual basis for his claim by exercising reasonable diligence. See Docket No. 231 at 12. In that circumstance, the one-year time limitation will instead run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. §2255(f).

Goldman provides no support for his contention that the one-year time limitation should run from the date on which the court rendered a decision involving the facts supporting the claim. Rather, his argument conflicts with the express text of 28 U.S.C. §2255(f), which states that the period begins on the latest of, among other options, the date when facts supporting the claim could have been discovered through the "due diligence" of the petitioner. See 28 U.S.C. §2255(f). Here, as the court explained in the April 5, 2018 decision, because Goldman filed his Motion for Leave to File an Out-of-Time Appeal on June 12, 2013, he must have known that his attorney had not filed a notice of appeal by that date, if not earlier. See Docket No. 231 at 12-13. Indeed, the Motion for Out-of-Time Appeal specifically "aver[ed] Mr. Ryan did not file a notice of appeal after specifically being directed to do so." See Docket No. 183 at 2. Accordingly, the statute of limitations for Goldman's petition expired no later than one year

16

after June 12, 2013 -- on June 12, 2014. Therefore, his §2255 petition, filed on September 25, 2015, was time-barred.

Goldman also contends that the court erred in not characterizing either his Motion for Out-of-Time Appeal or his Motion for Equitable Tolling as a §2255 motion for statute of limitation purposes. <u>See</u> Rule 59(e) Motion at ¶18. This contention is incorrect. In the April 5, 2018 decision, the court addressed and rejected Goldman's argument that his Motion for Out-of-Time Appeal should have been characterized as a §2255 motion for statute of limitation purposes, noting that "courts are not required to 'undertake heroic measures to save <u>pro se</u> litigants from the readily foreseeable consequences of their own inaction.'" <u>See</u> Docket No. 231 at 19 (citing <u>Delaney v. Matesanz</u>, 264 F.3d 7, 15 (1st Cir. 2001)). The court elaborated:

> Here, it would be inappropriate to re-characterize Goldman's Motion for Leave to File an Out-of-Time Appeal as a §2255 petition. Goldman is an experienced litigant whose previous submissions show that he understood in 2013 how to initiate proceedings under §2255 and to comply with its procedural requirements. <u>Cf.</u> <u>Delaney</u>, 264 F.3d at 15 (declining to toll limitations period for <u>pro se</u> petitioner where he was "no ordinary pro se litigant" because "his submissions, in the court's view, displayed a clear understanding of the ADEPA Amendments"). Before filing his Motion for Leave to File an Out-of-Time Appeal in 2013, Goldman had filed numerous previous petitions in various cases that expressly invoked §2255, including the challenge to the 1993 conviction and/or sentence underlying the revocation at issue in the instant petition.

> See Cr. No. 09-10391, Aug. 18, 2016 Tr. at 27;
> Goldman, 565 F. Supp. 2d at 207.

Id. at 19-20.

The court's reasoning as to why it would not have been appropriate to re-characterize the Motion for Out-of-Time Appeal applies equally to the January 27, 2014 Motion for Equitable Tolling. It would not be appropriate for the court to characterize the Motion for Equitable Tolling as a §2255 petition because if Goldman had intended it to serve as a §2255 petition filed within the statute of limitations, Goldman knew how to present it as a §2255 petition, could have done so, and should have done so. Therefore, because Goldman's claims repeat arguments previously presented and rejected, relief under Rule 59(e) is not justified. See $23,000 in U.S. Currency, 356 F.3d at 165.

In addition, Goldman claims that the court erred in holding that the statute of limitations had expired because the untimeliness of his filing was caused by this court's delay in resolving the motions addressed in the August 12, 2015 decision. See Rule 59(e) Motion at ¶¶20-24. Goldman relies on cases in which a long delay in bringing a case to trial required dismissal of the action for violation of the defendant's Sixth Amendment right to a speedy trial in part because the defendant was prejudiced by the delay. Id. at ¶¶23-24 (citing United States v. Fay, 505 F.2d 1037 (1st Cir. 1974); United States v. Dowl, 394 F. Supp. 1250 (D. Minn.

1974)). Goldman asserts in particular that the court's statement in the April 5, 2018 decision that "Goldman does not allege a state-imposed impediment" is incorrect. Id. at ¶20 (citing Docket No. 231 at 12, n.5).

This contention is unmeritorious as well. Although the August 12, 2015 Memorandum and Order concerning the Motion for Equitable Tolling and Motion to File Out-of-Time Appeal was issued over a year and a half after Goldman filed the latter motion, a decision by this court on the Motion for Equitable Tolling or Motion for Out-of-Time Appeal was not necessary for Goldman to advance a §2255 claim. Notably, in the Rule 59(e) Motion, Goldman does not articulate any reason why he needed to wait for a court ruling on these motions before filing his §2255 petition. In fact, as this court wrote in the April 5, 2018 decision, at least since September 10, 2013, Goldman was aware that filing a §2255 petition would have been the appropriate way to assert his ineffective assistance of counsel claim because that day Judge Woodlock advised Goldman that any ineffective assistance claims should be presented in a §2255 petition. See Docket No. 231 at 17.[6] Based on that knowledge,

---

[6] Goldman argues that because §2255 motions fall under both the federal civil and criminal rules of procedure, Rule 50 of the Federal Rules of Criminal Procedure mandating that "scheduling preference must be given to criminal proceedings as much as practicable" applies. See Rule 59(e) Motion at ¶21. However, this court heeded the direction of the criminal rules by scheduling hearings and addressing Goldman's various motions in a timely manner in view of its many other cases, which in 2013 included a

Goldman should have filed a §2255 petition before or at the same time as the Motion for Equitable Tolling. Therefore, reconsideration is not justified.

Moreover, as indicated in the April 5, 2018 decision, the court infers that Goldman's decision to delay the submission of a §2255 petition was a strategic ploy. See Docket No. 231 at 20-22. In particular, by advancing a motion under Federal Rule of Appellate Procedure 4 instead of filing a §2255 petition, Goldman preserved his right to assert additional claims later. Id. As on April 5, 2018, the court will not allow Goldman to escape the consequences of his own gamesmanship.

Goldman also argues that this court erred by failing to recognize the "prison mailbox filing rule" in identifying September 25, 2015 as the date on which Goldman's §2255 petition was filed. See Rule 59(e) Motion at ¶19. In particular, he argues that he placed the letter in the prison mail system eight days earlier than September 25, 2015 and, therefore, that September 17, 2015 is the date that should be used for statute of limitations purposes. The Supreme Court has held that the date of filing for pro se litigants in prison is the date that the prisoner gives the filing to the prison authorities, as opposed to the date that the

---

death penalty case. In any event, because Goldman had been told by Judge Woodlock that claims of ineffective assistance of counsel must be presented in a §2255 petition, this issue is without practical significance.

filing is received by the court. See Houston v. Lack, 487 U.S. 266, 271 (1988). Goldman does not identify any evidence in the record confirming that he placed the letter in the prison mail system on September 17, 2015. In any event, even if September 17, 2015 was the date on which the petition was filed, Goldman's request for reconsideration would be unmeritorious because September 17, 2015 is more than 15 months after the statute of limitations expired on June 12, 2014. Accordingly, there was no manifest error of law or unjust result that would justify reconsideration.

In addition, Goldman asserts that the court committed error in the August 12, 2015 decision by "entic[ing] the Movant to hurry-up and file a Motion under 28 U.S.C. §2255, even though the Court knew at the time that any filing, even one day after its Order was filed on August 12, 2015, would have been untimely." See Rule 59(e) Motion at ¶25. This claim also fails. The court's indication that Goldman could file a motion under §2255, even though the statute of limitation had expired, was consistent with its decision to deny the Motion for Equitable Tolling without prejudice to future filing. Goldman appears to be interpreting a denial without prejudice as a form of a bait-and-switch. It is not. Rather, the court afforded Goldman the opportunity to re-assert his arguments for equitable tolling or claim an exception to the §2255 statute of limitations if he chose to file a §2255 petition. Goldman

availed himself of this opportunity by raising equitable tolling in his unmeritorious §2255 petition. See Docket No. 207 at 3-5. The court did not commit error in providing him with that opportunity. Nor was Goldman prejudiced.

## 2. Failure to Inform Goldman of His Right to Appeal

In his Rule 59(e) Motion, Goldman also asserts that the court erred by not informing him in its August 12, 2015 decision denying the Motion to Vacate Void Judgment (Docket No. 196), Ex Parte Motion for Appointment of Counsel (Docket No. 202), Motion for Leave to File Out-of-Time Appeal, and Motion for Equitable Tolling that he had the right to appeal, "even though it was a decision regarding several continuing motions in the Movant's criminal action before the court." See Rule 59(e) Motion at ¶26; see also Docket No. 204 at 6-7. Goldman asserts that the August 12, 2015 decision was an appealable order under 28 U.S.C. §1291.

Goldman cites no authority, and the court finds none, to support the proposition that this court had an obligation to include within its August 12, 2015 decision a description of the defendant's appellate rights with respect to the three motions on which the court had ruled.[7] As indicated earlier, Goldman is an

---

[7] In support of the argument that the court had a duty to inform Goldman of any appellate rights, Goldman cites Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002). While Goldman correctly notes that in Ahmed, the Third Circuit held that an order dismissing a claim without prejudice is an appealable order when the statute of limitations has run, id. at 207, it did not hold

experienced litigant who understands the procedural requirements associated with the various forms of post-conviction relief he has sought. See Docket No. 231 at 19-20. Accordingly, it would be especially inappropriate for the court to reconsider a decision not to inform Goldman of his appellate opportunities and obligations.

### 3. Re-characterization of Earlier Motions as a §2255 Petition

As indicated earlier, Goldman asserts in his Rule 59(e) Motion that the court erred in not re-characterizing either his Motion for Out-of-Time Appeal or his Motion for Equitable Tolling as a §2255 petition. It appears that this contention is made primarily to support the argument that the court erred in finding Goldman's §2255 untimely. However, paragraph 32 of the Rule 59(e) Motion and the last paragraph of the motion suggest that Goldman may intend for this assertion to constitute a separate ground for reconsideration. See Rule 59(e) Motion at ¶32. Consistent with its

---

that the court had an obligation to inform the defendant of his appellate rights.

In addition, in a different section of his Rule 59(e) Motion, Goldman cites Peguero v. U.S., 119 S. Ct. 961 (1999). It is not clear whether Goldman intended Peguero to be considered in support of his argument that the court erred in not informing him of his appellate rights in the August 12, 2015 decision. In any event, Pegeuro addressed the district court's obligation to inform a defendant of his right to appeal his sentence. The August 12, 2015 decision was not a sentence. Therefore, Peguero does not apply. At his sentencing, Goldman was informed of his appellate rights. See Docket No. 231 at 8.]

liberal construction of the motion, therefore, the court is addressing this argument as a possible independent ground for reconsideration. Goldman cites <u>Castro v. United States</u>, 540 U.S. 375, 381-382 (2003), among other cases, in support of the contention that the court should have re-characterized his motion as a §2255 petition. <u>See</u> Rule 59(e) Motion at ¶¶6-8, 26-30.

However, the court's decision not to re-characterize either the Motion for Out-of-Time Appeal or Motion for Equitable Tolling as a §2255 petition does not provide a proper basis for reconsideration. In the April 5, 2018 decision, the court addressed this issue. While the court acknowledged that "courts regularly have re-characterized imaginatively captioned petitions to reflect that they derive their essence from section 2255," <u>see</u> Docket No. 231 at 19 (citing <u>Trenkler v. United States</u>, 536 F.3d 85, 97 (1st Cir. 2008)), it nevertheless determined that it would be inappropriate to re-characterize the motions in this case. <u>See</u> <u>id</u>. Goldman's request is, therefore, an attempt to re-litigate issues already considered and decided by this court, and an expression of disagreement with its decision. Accordingly, it must be rejected. <u>See</u> <u>$23,000 in U.S. Currency</u>, 356 F.3d at 165 & n. 9; <u>Ofori</u>, 205 Fed. Appx. at 853.

Furthermore, Goldman's citations to <u>Castro</u> and other cases, including <u>United States v. Sevilla-Oyala</u>, 753 F.3d 309 (1st Cir. 2014), are inapposite. In addition to holding that the district

court has the power to re-characterize a prisoner's complaint as a §2255 motion to ensure consideration of potentially valid claims, those decisions held that if it does so, the court must inform the prisoner of the re-characterization. See Castro, 540 U.S. at 377, 383; Sevilla-Oyala, 753 F.3d. at 321-22; United States v. Miller, 197 F.3d 644, 648-52 (3d Cir. 1999); Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998); Kane v. Winn, 319 F. Supp. 2d 162, 226 (D. Mass. 2004).[8] The purpose of that obligation is to provide the defendant with the opportunity to contest the re-characterization or withdraw the motion in order to preserve the possibility of filing another §2255 petition. See Castro, 540 U.S. at 384. However, these cases do not indicate that this court should have re-characterized Goldman's motions sua sponte in order to save Goldman from the expiration of the statute of limitations.[9] In view of the foregoing, Goldman's claim regarding the court's obligation to re-characterize is being denied.

---

[8] In Raineri v. United States, also cited by Goldman, the First Circuit held that if a district court decides to characterize a motion filed under another statute as a §2255 petition without notice, the re-characterization will not count as a "first habeas petition." See 233 F.3d 96, 100 (1st Cir. 2000). Here, for the reasons explained earlier, such a re-characterization is not appropriate.

[9] Goldman's discussion of Mr. Ryan's decision to end his representation of Goldman at paragraphs 33-35 of the Rule 59(e) Motion does not alter this analysis. Indeed, Goldman's responsibilities in light of Mr. Ryan's decision have been addressed previously by the court. See Docket No. 231 at 15-18.

IV. THE MOTION FOR DECLARATORY JUDGMENT

As indicated earlier, Goldman has also filed a Motion for Declaratory Judgment Pursuant to Federal Rule of Civil Procedure 57. See Docket No. 234. Goldman relies on Rule 57 to assert that the court should order a "speedy hearing" regarding the motion. Id. at 2. It is not clear from the Motion for Declaratory Judgment what relief Goldman seeks in addition to a hearing and a decision on the Rule 59(e) Motion.

The court did not deem a hearing on the Rule 59(e) Motion to be appropriate because it was not necessary and would not have been helpful. A hearing concerning Goldman's Motion for Declaratory Judgment is also not necessary or appropriate. Therefore, the Motion for Declaratory Judgment is being denied.

V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court must "issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." While a decision on a Rule 59(e) Motion is not the usual form of a "final order" for which the court must determine whether a COA should issue, consideration of whether a COA should issue is appropriate in this case because Goldman's request for reconsideration involves an assessment of his underlying constitutional claims. See Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 16AA Fed. Prac. & Proc. Juris. §3968.1 (4th

ed.) ("[Section 2253(c)(1)] governs final orders that dispose of the merits of a habeas corpus proceeding") (quoting Harrison v. Bell, 129 S. Ct. 1481, 1485 (2009)); see also Escudero-Aponte v. United States, 65 F. App'x 333, 334 (1st Cir. 2003) ("Although petitioner is currently seeking a COA to appeal from a procedural ruling, the district court's denial of his §2255 petition rejected his constitutional claims on the merits. Therefore, §2253(c) requires petitioner to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." (internal quotations omitted)).

A COA is not warranted in this case. To receive a COA, a petitioner must make "a substantial showing of a denial of a constitutional right." See 28 U.S.C. §2253(c)(2). In other words, a COA is warranted if "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A claim can be debatable "even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id.

The First Circuit would review this court's April 5, 2018 decision denying the §2255 petition for abuse of discretion. See Delaney, 264 F. 3d at 13. For the reasons explained in denying a COA on April 5, 2018, no reasonable jurist would conclude that

27

this court abused its discretion in finding the §2255 petition to be unmeritorious. See Docket No. 231 at 21-22. For essentially the same reasons, no reasonable jurist would conclude that this court is abusing its discretion in finding that the Rule 59(e) Motion is unmeritorious.

Therefore, the court is denying a COA. Goldman may nevertheless seek a COA from the Court of Appeals for the First Circuit. See §2255 Rule 11(a).

VI. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. The defendant's Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(e) (Docket No. 233) is DENIED.

2. The defendant's Motion for Declaratory Judgment Pursuant to Federal Rule of Civil Procedure 57 (Docket No. 234) is DENIED.

3. A COA is DENIED.


UNITED STATES DISTRICT JUDGE